UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **IN RE COMPACT DISC MINIMUM** ] | **MDL DOCKET NO. 1361** |
| **ADVERTISED PRICE ANTITRUST** ] | *(This Document Applies to John A.* |
| **LITIGATION** ] | *Deep v. Recording Industry Ass'n of* |
| ] | *of America, Inc., et al., Nos. 2:05cv118* |
| ] | *and 2:05cv149)* |

## MEMORANDUM OPINION

In my Order on Pending Motions dated October 2, 2006 at 49-50 (Docket Item 91), the discussion of New York law on constructive trust claims omitted relevant caselaw. As I noted correctly, the New York Court of Appeals did state in Sharp v. Kosmalski, 351 N.E.2d 721, 723 (N.Y. 1976), that a confidential or fiduciary relation was required in order to impose a constructive trust. But it later retreated from that requirement in Simonds v. Simonds, 45 N.Y.2d 233, 241(N.Y. 1978). The plaintiff Deep cited the Simonds decision, albeit not for this particular proposition. I therefore should have referred to Simonds. The Simonds change was also recognized by the Second Circuit Court of Appeals, which Deep did cite for this proposition. In re Koreag, Controle et Revision S.A., 961 F.2d 341, 354 (2d Cir. 1992). New York's highest court, however, appears to be of mixed minds about the requirement. In 2005, it listed a confidential or fiduciary relation once again as a requirement for a constructive trust. Consumers Union of U.S., Inc. v.

State of New York, 5 N.Y.3d 327, 347 n.14 (N.Y. 2005) (quoting Bankers Sec. Life Ins. Soc'y v. Shakerdge, 406 N.E.2d 440, 440 (N.Y. 1980).  It appears therefore that New York law on a constructive trust cause of action is less clear than I described in the Order of October 2, 2006.

**DATED THIS 13TH DAY OF OCTOBER, 2006**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**